**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
                                                    :
SCOTT MADLINGER, on behalf of himself and           :
all others similarly situated,                      :
                                                    :
                    Plaintiff,                      :   Civil Action No.
                                                    :
vs.                                                 :   **CLASS ACTION COMPLAINT AND**
                                                    :   **JURY TRIAL DEMAND**
FINANCIAL RECOVERY SERVICES, INC.,                  :
                                                    :
                    Defendant.                      :
                                                    :
——————————————————— X

Plaintiff SCOTT MADLINGER (hereinafter "Plaintiff"), on behalf of himself and

all others similarly situated, by and through his undersigned attorney, alleges against the

above-named Defendant FINANCIAL RECOVERY SERVICES, INC. (hereinafter

"Defendant"), its employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Ocean County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant FINANCIAL RECOVERY

SERVICES, INC. has its principal place of business located in Edina, Minnesota

9.      Based upon information and belief, Defendant is a company that uses the

2

mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class consists of:

•     All New Jersey consumers who were sent letters and/or notices from Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

• The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•     Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the

3

FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA.

    b.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

4

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

13.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

5

defined by 15 U.S.C. §1692a(3).

14.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16.     Sometime prior to January 27, 2020, Plaintiff allegedly incurred a financial obligation to Barclays Bank Delaware. ("Barclays") related to a credit card account.  ("the Debt").

17.     The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.     Barclays is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.     Sometime prior to January 27, 2020, Barclays either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendant for collection.

21.     At the time the Debt was assigned, placed or transferred to Defendant, the Debt was in default.

22.     Defendant caused to be delivered to Plaintiff a letter dated January 27, 2020 ("the Collection Letter") which was addressed to Plaintiff and sought to collect a balance of $1436.31 concerning the alleged Debt,   Attached as Exhibit A is a copy of the January 27, 2020 collection letter.

23.     The January 27, 2020 collection letter were sent or caused to be sent by a

person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24.     The January 27, 2020 letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

25.     Upon receipt, Plaintiff read the January 27, 2020 collection letter.

26.     The Collection indicated that it was a "Resolution Reduction Offer"

27.     The Collection Letter indicated that, "If you can get the money now you can get it resolved for less than what your currently owe."

28.     The Collection Letter provided the following three options:

OPTION 1:  Pay the Balance Today.
OPTION 2:  Resolve it for less than the total balance due. Make us a reasonable offer to resolve for less.****
OPTION 3: Setup Monthly payments as LOW as $25.00****

29.     The Collection Letter is false, deceptive and/or misleading since the Option 1 is to pay the balance in full today.

30.     However, just prior to presenting the 3 options, the letter  states that if the debtor "can get the money now" the debtor can get it resolved for less than what is currently owed."

31.     Similarly, just following the three options, the Collection Letter states, "**Any offers** of resolution that are provided to you **are merely offers to resolve your account for less than the balance due.**" (emphasis added).  Thus, this language is also inconsistent with Option 1.

32.     As such, Option 1 induces the debtor to pay the full amount of the debt, when in fact the debtor in fact is told he or she can pay less than the full amount if he or she pays the debt in full immediately.

33.     Option 2 indicates that the debtor can resolve the debt for less than the total balance due by making a reasonable offer.  However, Option 2 fails to state what a reasonable offer is and how to the offer should be made.

34.     Option 3 states that Plaintiff can setup up monthly payments as low as $25.00.

35.     However Option 3 fails to state when the settlement payment must be made in order to accept the settlement offer.

36.     Furthermore, Option 3 does not say how many payments need to be made. Thus, under Option 3, Plaintiff could actually be obligated to pay the entire balance or more than the full balance, even though the collection letter suggests that it can be resolved for less than Plaintiff owes.

37.     Option 3 misleadingly and deceptively induces the consumer into paying $25 monthly as part of a payment plan without informing Plaintiff the terms of the payment plan.

38.     Furthermore, the bottom of the letter includes three payment coupons labeled "1 of 3", "2 of 3" and "3 of 3."

39.     Thus, the least sophisticated consumer could believe that only three payments are needed to settle the debt.

40.     The coupons fail to indicate how much needs to be paid in each of the 3 payments to settle the debt in full.

41.     The 3 coupons in the Collection Letter falsely suggest that any 3 payments will settle the debt in full.

42.     Furthermore, the payment coupons do not specify over what time period

the 3 payments need to be paid.

43.   Additionally, each of the 3 coupons indicate that the balance due as of January 27, 2020 is $1436.31

44.   The due as of January 27, 2020 language suggests that the balance may increase, when in fact the balance has been charged-off and cannot and will not increase.

45.   As a result, the least sophisticated consumer would be deceived by the Collection Letter, since it is susceptible to more than one reasonable interpretation

46.   Upon being presented with the settlement offers in the Collection Letter, the Least sophisticated consumer could be materially misled into entering into a repayment plan that she or she may not be able to afford, for fear of being subjected to additional collection efforts for the full amount of the debt, when in fact, settlement offers are frequently renewed if the consumer fails to accept the initial offer.

47.   These concerns cold be adequately addressed by Defendant by including with the offer the language, "We are not obligated to renew this offer."

48.   The phrase, "We are not obligated to renew this offer" adequately conveys to the least sophisticated consumer that there is a renewal possibility, but also that it is not assured.

49.   However, the Collection Letter does not include the language "We are not obligated to renew this offer" or substantially similar language.

50.   Thus, the least sophisticated consumer would likely be misled by the settlement offer.

51.   Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

9

52.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

53.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

54.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

55.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

56.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

57.     Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

58.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

59.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

60.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

61.     Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

62.     The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

63.     Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

64.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

65.     It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

      (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

      (b)    By making false representations of the character or legal status of a debt; and

      (c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

66.     On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

67.     Plaintiff repeats the allegations contained in paragraphs 1 through 66 as if the same were set forth at length.

68.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

69.     By sending a collection letter, the same as or substantially similar to the January 27, 2020 collection letter, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. §1692e(2) by suggesting that Plaintiff may be required to pay more than the full balance owed;

C.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

D.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

E.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
      January 27, 2021

                           Respectfully submitted,


                        By: s/ Lawrence C. Hersh
                           Lawrence C. Hersh, Esq.
                           17 Sylvan Street, Suite 102B
                           Rutherford, NJ  07070
                           (201) 507-6300
                           *Attorney for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 27, 2021                    By: s/ Lawrence C. Hersh
                                           Lawrence C. Hersh, Esq

EXHIBIT A

FRS0B9-0127-1317408401-02860-2860

**FINANCIAL RECOVERY SERVICES, INC.**

DEPT 813
PO BOX 4115
CONCORD CA  94524

**P.O. Box 385908**
**Minneapolis, MN  55438-5908**
**1-844-563-9277**

RETURN SERVICE REQUESTED

CURRENT CREDITOR: BARCLAYS BANK DELAWARE
ORIGINAL CREDITOR: BARCLAYS BANK DELAWARE
REGARDING: BARCLAYCARD BRZ MC
ACCOUNT NUMBER: XXXXXXXXXXXX6061
DATE OF LAST PAYMENT: 01/04/18
CHARGE-OFF DATE: 08/30/18

January 27, 2020

SCOTT MADLINGER

TOTAL BALANCE DUE: 1436.31
FRS FILE NUMBER:
ON-LINE PIN NUMBER:     735
(Used to access and view your file on  WWW.FIN-REC.COM)

**\*\*\*\*\*\*Resolution Reduction Offer\*\*\*\*\*\***

We can HELP you get this account resolved. Please contact our office and our representatives will HELP you setup payments or HELP you resolve for less than you owe. If you can get the money now you can get it resolved for less than what you currently owe. We are willing to listen to any reasonable offers you may wish to make but you need to call us soon.

OPTION 1:  Pay the Balance Today.

OPTION 2:  Resolve it for less than the total balance due. Make us a reasonable offer to resolve for less.\*\*\*\*

OPTION 3: Setup Monthly payments as LOW as $25.00\*\*\*\*

Our representatives are available to HELP you now.

FRS is not a law firm and FRS will not initiate any legal proceedings or provide you with legal advice. Any offers of resolution that are provided to you are merely offers to resolve your account for less than the balance due. Resolution of your account for less than the full balance may have tax consequences.

To make a payment, please call us at the toll-free number listed below or utilize our on-line web payment solution at www.fin-rec.com using the on-line PIN number and FRS file number referenced above.

If you are sending your payment by overnight delivery, please use the following address: 4510 W. 77th St, Suite 200, Edina, MN 55435.

Sincerely,

AMBER KOSKI
Account Manager
Toll Free: 1-844-563-9277

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.
This communication is from a debt collector.

**See reverse side for important information.**

Office hours are: Monday-Thursday, 7am to 8pm CST; Friday 7am to 5pm CST; Saturday 7am to noon CST.

*Detach Coupon And Mail Payment*

**1 OF 3**
FRS File #:      821

1-844-563-9277
Balance due as of January 27, 2020: $1436.31

Amount enclosed:_____

Home phone:_____

Work phone:_____

Cell phone:_____

Financial Recovery Services, Inc.
P.O. Box 385908
Minneapolis, MN 55438-5908
Letter Code Sent: 0B9

**2 OF 3**
FRS File #:      821

1-844-563-9277
Balance due as of January 27, 2020: $1436.31

Amount enclosed:_____

Home phone:_____

Work phone:_____

Cell phone:_____

Financial Recovery Services, Inc.
P.O. Box 385908
Minneapolis, MN 55438-5908
Letter Code Sent: 0B9

**3 OF 3**
FRS File #:      821

1-844-563-9277
Balance due as of January 27, 2020: $1436.31

Amount enclosed:_____

Home phone:_____

Work phone:_____

Cell phone:_____

Financial Recovery Services, Inc.
P.O. Box 385908
Minneapolis, MN 55438-5908
Letter Code Sent: 0B9

We are required under certain State and Local Laws to notify consumers of those States or Localities of the following rights. This list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws.

## ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

## ADDITIONAL INFORMATION FOR COLORADO RESIDENTS

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR

COLORADO OFFICE LOCATION: 27 NORTH WILLERUP, SUITE B, MONTROSE, CO 81401
LOCAL PHONE: 970-249-7514 TOLL-FREE PHONE: 1-866-436-4766

A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATIONS WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

## ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS

If you wish to discuss this matter, please call us direct, between the hours of 8 a.m. and 5 p.m. CST, at the number listed on the front of this notice. Massachusetts resident office address is: 49 Winter St, Weymouth, MA 02189 with office hours: M-Th 10am-3pm.

NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

## ADDITIONAL INFORMATION FOR MINNESOTA RESIDENTS

THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

## ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs. The license number is 1015506.

## ADDITIONAL INFORMATION FOR NORTH CAROLINA RESIDENTS

North Carolina Department of Insurance Permit Number: 3917 Address: 4510 W. 77th St, Suite 200, Edina, MN 55435

NC Permit Number 113527 Address: 6300 Shingle Creek Parkway Ste 220, Brooklyn Center, MN 55435

NC Permit Number 4508 Address: 823 Belknap, Suite 205, Superior, WI 54880

Please direct all correspondence and payments to the following address: P.O. Box 385908, Minneapolis, MN 55438-5908

## ADDITIONAL INFORMATION FOR TENNESSEE RESIDENTS

This collection agency is licensed by the Collection Service Board of the State Department of Commerce and Insurance.

## ADDITIONAL INFORMATION FOR WISCONSIN RESIDENTS

This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

## NOTICE TO ALL CONSUMERS

Our staff is trained to conduct themselves in a businesslike and professional manner, and to leave you with a positive experience in dealing with our Company. If you have a complaint, criticism, suggestion, or compliment about the way we are collecting this debt, please write to us at P.O. Box 385908, Minneapolis, MN 55438-5908, email us at compliance@fin-rec.com, submit on-line at www.fin-rec.com, or call us toll-free at (866) 438-2860 between 9am and 5pm CST Monday-Friday.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.